(No. 1429— )

O. W. MEYERS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1929.*

KUHN & BENSON, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This is a claim for damages by reason of a highway accident. From the statement of claim it appears that O. W. Meyers of the Town of Batavia, County of Kane, State of Illinois, was riding in an automobile on the public highway from the City of Aurora to the City of Batavia; said highway being known as State Bond Issue Route No. 22 under the operation and control of the State of Illinois; that on the 17th day of October, A. D. 1924, a motor truck, bearing No. 122 and bearing state motor truck vehicle license No. 4488 for the year 1924 and being under the care and management, control and maintenance of the State of Illinois. That said motor truck was driven by an employe of the State and the claimant alleges that the motor truck struck the motor car of the claimant and that the claimant sustained damages in sum of $169.25.

The only evidence in the case is a sworn statement of the claimant on behalf of the claimant and Exhibit "B", same being a copy of a letter from G. N. Lamb, District Engineer, which Exhibit "B" is attached to the statement of the Attorney General filed in this case.

G. N. Lamb, District Engineer, states that he is unable to find any data in his files concerning the accident which O. W.

Meyers alleges to have damaged his car. Mr. Lamb further states in his letter that he interviewed one of the State employees, Clyde Hallock, who saw the accident and gave Mr. Lamb an account of the accident substantiating everything that Mr. Meyers had told him. Mr. Hallock stated that the driver of the truck was entirely at fault.

After reading the sworn statement of the claimant and the Exhibit "B," a copy of the letter from G. N. Lamb, we believe as a matter of equity and good conscience this claim should be allowed.

We, therefore, allow the claimant the sum of $169.25.